# UNITED STATES DISTRICT COURT

District of ___Nevada___

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|

**V.**

CAMERON HARRISON

Case Number: 2:12-cr-00004-APG-GWF-24

USM Number: 13023-171

Benjamin Durham, CJA

**Date of Original Judgment:** ___11/25/2014___

Defendant's Attorney

**(Or Date of Last Amended Judgment)**

## Reason for Amendment:

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or
☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

☑ pleaded guilty to count(s)   One, Two, and Sixteen of the Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1962(c) | Participate in a Racketeer Influenced Corrupt Organization | 10/11/2012 | One |
| 18 U.S.C. § 1962(D) | Conspiracy to Engage in a Racketeer Influenced Corrupt Organization | 10/11/2012 | Two |
| 18 U.S.C. § 1028(a)(1), (b)(1)(A)(ii), and (c)(3) | Trafficking in and Production of False Identification Documents | 10/11/2012 | Sixteen |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ___ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

___11/12/2014___

Date of Imposition of Judgment

Signature of Judge

ANDREW P. GORDON, UNITED STATES DISTRICT JUDGE

Name of Judge                                    Title of Judge

___December 4, 2014___

Date

DEFENDANT:  CAMERON HARRISON
CASE NUMBER:  2:12-cr-00004-APG-GWF-24

Judgment — Page  2  of  7

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

115 Months, per count, to run concurrently.

☑    The court makes the following recommendations to the Bureau of Prisons:

Due to the proximity of the Defendant's family, the Court recommends the Defendant to be permitted to serve his term of incarceration in FCI Jesup, GA.

☑    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____    ☐ a.m  ☐ p.m.    on _____ .

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 12:00 p.m. _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____    to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
DEPUTY UNITED STATES MARSHAL

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release                                                                    (NOTE: Identify Changes with Asterisks (*))

DEFENDANT:  CAMERON HARRISON                                          Judgment—Page   3   of   7
CASE NUMBER:  2:12-cr-00004-APG-GWF-24

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

3 Years, per count, to run concurrently.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

  The defendant shall not commit another federal, state, or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.  Revocation is mandatory for refusal to comply.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
    future substance abuse.  (Check, if applicable.)

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a
    student, as directed by the probation officer.  (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
        Sheet 3C — Supervised Release
                                                            (NOTE: Identify Changes with Asterisks (*))

DEFENDANT:  CAMERON HARRISON                         Judgment—Page  4  of  7
CASE NUMBER:  2:12-cr-00004-APG-GWF-24

# SPECIAL CONDITIONS OF SUPERVISION

1. Possession of Weapons - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. Warrantless Search - To ensure compliance with all conditions of release, the defendant shall submit to the search of his/her person, and any property, residence, business or automobile under his/her control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant at a reasonable time and in a reasonable manner. Provided, however, the defendant shall be required to submit to any search only if the probation officer has reasonable suspicion to believe the defendant has violated a condition or conditions of release.

3. Substance Abuse Treatment - You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

4. Mental Health Treatment - You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

5. Debt Obligations - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

6. Access to Financial Information - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

7. True Name - You shall use your true name at all times and will be prohibited from the use of any aliases, false dates of birth, social security numbers, places of birth, and any other pertinent demographic information.

## ACKNOWLEDGEMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)  _____          _____
          Defendant                            Date


          _____          _____
          U.S. Probation/Designated Witness    Date

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
          Sheet 4C — Probation                                                          (NOTE: Identify Changes with Asterisks (*))

DEFENDANT:   CAMERON HARRISON
CASE NUMBER:   2:12-cr-00004-APG-GWF-24

Judgment—Page   5   of   7

## SPECIAL CONDITIONS OF SUPERVISION

8. Computer Prohibition - You shall not possess or use a computer with access to any online computer service at any location, including employment, without the prior written approval of the probation officer. This includes any internet service provider, bulletin board, or any public or private computer network.

9. Computer Restriction and Monitoring - You shall provide the probation officer with accurate information regarding your entire computer system, including all related digital devices with memory and all passwords and internet service providers; you shall allow the installation of any software/hardware on your computer by the probation officer, and you shall abide by all rules of the Computer Restriction and Monitoring Programs Agreement.

10. No Contact Condition - You shall not have contact, directly or indirectly, associate with, nor be within 500 feet of any co-defendant nor defendant in any related cases, their residence or business, and if confronted by any co-defendant or defendant in any related cases in a public place, you shall immediately remove yourself from the area.

11. Report to Probation Officer After Release from Custody - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

AO 245C   (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties                                    (NOTE: Identify Changes with Asterisks (*))

DEFENDANT:  CAMERON HARRISON                                   Judgment — Page   6   of   7
CASE NUMBER:  2:12-cr-00004-APG-GWF-24

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ WAIVED | $ 50,893,166.35 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| (See Attached Payee List) |  | $50,893,166.35 |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $ _____ | $ 50,893,166.35 |  |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

   ☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments                                              (NOTE: Identify Changes with Asterisks (*))

DEFENDANT:  CAMERON HARRISON                                    Judgment — Page   7   of   7
CASE NUMBER:  2:12-cr-00004-APG-GWF-24

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☑ Lump sum payment of $   50,893,466.35   due immediately, balance due

       ☐ not later than _____ , or
       ☑ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

**B**  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
       term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
       imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑ Special instructions regarding the payment of criminal monetary penalties:

       Defendant shall pay restitution in the amount of $50,893,166.35 joinlty and severally with any/all co-defendants in
       case numbers 2:12-cr-00004-APG-GWF, 2:12-cr-00083-APG-GWF, 2:12-cr-00084-APG-GWF, and
       2:13-cr-00120-APG-GWF, with interest to being accruing after the 15th day from entry of judgment. It is
       recommended that any unpaid balance shall be paid at a rate of not less than $25.00 per quarter during
       incarceration, and then 10% of any gross income earned, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and
       corresponding payee, if appropriate.
       Total amount of restitution due jointly and severally with all co-defendants in case numbers 2:12-cr-00004-APG-GWF,
       2:12-cr-00083-APG-GWF, 2:12-cr-00084-APG-GWF, and 2:13-cr-00120-APG-GWF

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
       Final Order of Forfeiture attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**U.S. v. CAMERON HARRISON**
**2:12-cr-00004-APG-GWF**
<u>**Restitution List**</u>

American Express                    $3,299,210.90
World Financial Center
200 Vesey Street
New York, NY   10285


Discover Financial Service          $2,202,429.00
c/o Mr. Michael Cassell
P.O. Box 370685
Las Vegas, NV 89137


MasterCard                          $15,496,221.00
2000 Purchase Street
Purchase, NY 10577


Visa Inc.                           $29,895,305.45
900 Metro Center Blvd.
Foster City, CA 94404


TOTAL:                              $50,893,166.35


Joint & Several with all defendants in case numbers 2:12-cr-00004-APG-GWF,
2:12-cr-00083-APG-GWF, 2:12-cr-00084-APG-GWF, and 2:13-cr-00120-APG-GWF

**United States v Roman Zolotarev, et al.**
**2:12-cr-00004-APG-GWF**

| | QASIR MUKHTAR | DAVID CAMEZ | MICHAEL LOFTON | CAMERON HARRISON | SERGEI LITVINENKO | FREDERICK THOMAS | MAKYL HARRERTY | ALEXANDER KOSTYUKOV | DUVAUGHN BUTLER | CAMERON HARRISON |
|---|---|---|---|---|---|---|---|---|---|---|
| American ExpressWorld Financial Center 200 Vesey Street New York, NY 10285 | 3,299,210.90 | 3,299,210.90 | 3,299,210.90 | 3,299,210.90 | 3,299,210.90 | 3,299,210.90 | 3,299,210.90 | 3,299,210.90 | 3,299,210.90 | 3,299,210.90 |
| Discover Financial Service c/o Michael Cassell PO Box 370685 Las Vegas, NV 89137 | 2,202,429.00 | 2,202,429.00 | 1,903,143.50 | 2,202,429.00 | 2,202,429.00 | 1,903,143.50 | 1,903,143.50 | 2,202,429.00 | 1,903,143.50 | 2,202,429.00 |
| MasterCard 2000 Purchase Street Purchase, NY 10577 | 15,496,221.00 | 15,496,221.00 | 15,477,464.00 | 15,496,221.00 | 15,496,221.00 | 15,477,464.00 | 15,477,464.00 | 15,496,221.00 | 15,477,464.00 | 15,496,221.00 |
| Visa Inc. 900 Metro Center Blvd Foster City, CA 94404 | 29,895,305.45 | 29,895,305.45 | 29,895,305.45 | 29,895,305.45 | 29,895,305.45 | 29,895,305.45 | 29,895,305.45 | 29,895,305.45 | 29,895,305.45 | 29,895,305.45 |
| Total | 50,893,166.35 | 50,893,166.35 | 50,575,123.45 | 50,893,166.35 | 50,893,166.35 | 50,575,123.45 | 50,575,123.45 | 50,893,166.35 | 50,575,123.45 | 50,893,166.35 |

DEREK CARDER & HERBERT MORRELL JOINT & SEVERAL WITH DEFENDANTS IN CASE NO. 2:13-CR-00083-APG-GWF ONLY

ROBERT KEPHART AND BILLY STEFFEY JOINT & SEVERAL FOR AMOUNT TO OSU FCU. REMAINDER IS JOINT & SEVERAL WITH ALL DEFENDANTS IN 2:12-cr-00004-APG-GWF, 2:12-cr-00083-APG-GWF, 2:12-cr-00084-APG-GWF, 2:13-cr-00120-APG-GWF

**United States v Omar Butt, et al.**
**2:12-cr-00083-APG-GWF**

| | JASON MACLASKEY | BILLY STEFFEY | OMAR BUTT | DEREK CARDER | ROBERT KEPHART | HERBERT MORRELL |
|---|---|---|---|---|---|---|
| American ExpressWorld Financial Center 200 Vesey Street New York, NY 10285 | 3,299,210.90 | 3,299,210.90 | 3,299,210.90 | 250.00 | 3,299,210.90 | 286,625.00 |
| Discover Financial Service c/o Michael Cassell PO Box 370685 Las Vegas, NV 89137 | 1,903,143.50 | 2,202,429.00 | 1,903,143.50 | 250.00 | 2,202,429.00 | 286,625.00 |
| OSU Federal Credit Union PO Box 306 Corvallis, OR 97339-0306 | | 155,896.69 | | | 155,896.69 | |
| MasterCard 2000 Purchase Street Purchase, NY 10577 | 15,477,464.00 | 15,496,221.00 | 15,477,464.00 | 250.00 | 15,496,221.00 | 286,625.00 |
| Visa Inc. 900 Metro Center Blvd Foster City, CA 94404 | 29,895,305.45 | 29,895,305.45 | 29,895,305.45 | 250.00 | 29,895,305.45 | 286,625.00 |
| Total | 50,575,123.45 | 51,049,063.04 | 50,575,123.45 | 1,000.00 | 51,049,063.04 | 1,146,500.00 |

**United States v Thomas Lamb, et al.**
**2:12-cr-00084-APG-GWF**

| | JONATHAN VERGNETTI | JOHN HOLSHEIMER | ROGER GRODESKY |
|---|---|---|---|
| American ExpressWorld Financial Center 200 Vesey Street New York, NY 10285 | $3,299,210.90 | $174,255.00 | $174,255.00 |
| Discover Financial Service c/o Michael Cassell PO Box 370685 Las Vegas, NV 89137 | $1,903,143.50 | $174,255.00 | $174,255.00 |
| MasterCard 2000 Purchase Street Purchase, NY 10577 | $15,477,464.00 | $174,255.00 | $174,255.00 |
| Visa Inc. 900 Metro Center Blvd Foster City, CA 94404 | $29,895,305.05 | $174,255.00 | $174,255.00 |
| **Total** | **$50,575,123.45** | **$697,020.00** | **$697,020.00** |

JOHN HOLSHEIMER AND ROGER GRODESKY JOINT AND SEVERAL WITH DEFENDANTS IN CASE NO. 2:12-CR-00084-APG-GWF **ONLY**

**United States v Michael San Clemente, et al.**
**2:13-cr-00120-APG-GWF**

| | MICHAEL SAN CLEMENTE | DAISY MARTINEZ | URVAN ANDERSON | IRINA SANFORD | FELIKS BALON |
|---|---|---|---|---|---|
| American ExpressWorld Financial Center 200 Vesey Street New York, NY 10285 | $3,299,210.90 | $3,299,210.90 | $117,391.85 | $117,391.85 | $32,470.00 |
| Discover Financial Service c/o Michael Cassell PO Box 370685 Las Vegas, NV 89137 | $1,901,721.40 | $1,901,721.40 | $117,391.84 | $117,391.84 | $32,470.00 |
| MasterCard 2000 Purchase Street Purchase, NY 10577 | $15,478,174.85 | $15,478,174.85 | $117,391.84 | $117,391.84 | $32,470.00 |
| Visa Inc. 900 Metro Center Blvd Foster City, CA 94404 | $29,896,016.30 | $29,896,016.30 | $117,391.85 | $117,391.85 | $32,470.00 |
| **Total** | **$50,575,123.45** | **$50,575,123.45** | **$469,567.38** | **$469,567.38** | **$129,880.00** |

URVAN ANDERSON, IRINA SANFORD, FELIKS BALON AMOUNT JOINT & SEVERAL WITH DEFENDANTS IN CASE NO. 2:13-CR-00120-APG-GWF **ONLY**

```
                                           ┌─────────────────────────────────┐
                                           │ ──FILED        ── RECEIVED      │
                                           │ ──ENTERED      ── SERVED ON     │
                                           │         COUNSEL/PARTIES OF RECORD│
                                           │    ┌──────────────────────┐     │
                                           │    │     NOV 1 2 2014      │     │
                                           │    └──────────────────────┘     │
                                           │      CLERK US DISTRICT COURT    │
                                           │        DISTRICT OF NEVADA       │
                                           │ BY:_____   ___DEPUTY │
                                           └─────────────────────────────────┘
```

1

2

3

4

5

6                           **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8    UNITED STATES OF AMERICA,                )

9                    Plaintiff,                )

10          v.                                 )        2:12-CR-0004-APG-(GWF)

11   CAMERON HARRISON,                         )

12                   Defendant.                )

13                        **FINAL ORDER OF FORFEITURE AS TO**
                            **DEFENDANT CAMERON HARRISON**
14

15          On April 10, 2014, this Court entered a Preliminary Order of Forfeiture pursuant to Fed. R.

16   Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 1963(a)(1), (a)(2), (a)(3), and (m)

17   forfeiting property of defendant CAMERON HARRISON to the United States of America. Criminal

18   Indictment, ECF No. 1; Amended Bill of Particulars, ECF No. 643; Change of Plea Minutes, ECF No.

19   686; Preliminary Order of Forfeiture, ECF No. 676.

20          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED pursuant to Fed. R. Crim. P.

21   32.2(b)(4)(A) and (B); Title 18, United States Code, Section 1963(a)(1), (a)(2), (a)(3), and (m), that

22   the Preliminary Order of Forfeiture (ECF No. 676), listing the following assets, is final as to defendant

23   CAMERON HARRISON:

24                  1)    a Gateway laptop computer, bearing serial number T3B73P1006170, seized

25                        from Rajł Aziz on March 14, 2011;

26   . . .

2) an Apple iPad 16 GB silver, model A1396, bearing serial number DLXFW1DLDFJ1, seized from Irina Bolnova on March 15, 2012;

3) an Acer Aspire One 522 laptop computer, bearing serial number LUSES0D0101014763B16-01, seized from Maceo Boozer on March 15, 2012;

4) a Coby laptop, bearing serial number N1023X1005S000497B, seized from Maceo Boozer on July 9, 2012;

5) an HP laptop, bearing serial number CNF0208QNY, seized from Maceo Boozer on July 9, 2012;

6) a Seagate USB drive, bearing serial number NA02E6VK, seized from Maceo Boozer on July 9, 2012;

7) a Dell laptop computer, bearing serial number G4CJLL1, seized from Duvaughn Butler on March 1, 2011;

8) an HP desktop computer, Datacode SM number R08510000460630, seized from Duvaughn Butler on March 1, 2011;

9) a Mastercard $100 gift card, bearing card number xxxxxxxxxxxx1923, seized from Duvaughn Butler on March 1, 2011;

10) a Vanilla $100 Mastercard gift card, bearing card number xxxxxxxxxxxx7257, seized from Duvaughn Butler on March 1, 2011;

11) an iPhone 3, black, bearing FCC ID number BCGA1303B, seized from Duvaughn Butler on March 1, 2011;

12) a Time Capsule 802.11N WiFi hard drive, bearing serial number C86H6722DM73, seized from Omar Butt on March 15, 2012;

13) a SanDisk memory card, 8 GB, seized from Omar Butt on March 15, 2012;

14) a SanDisk memory card, 16 GB, seized from Omar Butt on March 15, 2012;

15) a SanDisk memory card, 32 GB, seized from Omar Butt on March 15, 2012;

16) a Canon Power Shot camera, red, model 50780, seized from Omar Butt on March 15, 2012;

17) an Apple iPhone 4, bearing serial number 579CE2380A, seized from Omar Butt on March 15, 2012;

18) an AT&T cell phone, black, bearing serial number Q4V7NB1180518074, seized from Omar Butt on March 15, 2012;

19) an AT&T cell phone, black, bearing serial number Q4V7NB1180520439, seized from Omar Butt on March 15, 2012;

20) a Motorola cell phone, black, bearing serial number H31LJGTFJT, seized from Omar Butt on March 15, 2012;

21) an iPhone 3, 16 GB, black, model A1241, bearing FCC ID number BCGA1241, seized from Omar Butt on March 15, 2012;

22) a MacBook Pro, bearing serial number CO2GJ0DW47, seized from Omar Butt on March 15, 2012;

23) an iPhone, 8 GB, bearing serial number 8174ETWH8, seized from Omar Butt on March 15, 2012;

24) an iPhone 4, black, model A1387, bearing FCC ID number BCGE2430A, seized from Omar Butt on March 15, 2012;

25) an Apple Airport hard disk, bearing serial number 6F9394ER2UP, seized from Omar Butt on March 15, 2012;

26) a Canon Pixma printer MP 600 with cable cords, seized from Omar Butt on March 15, 2012;

27) a Datacard 1501 printer, bearing serial number 7464, seized from Omar Butt on March 15, 2012;

28) a Power Printer ID Card 088025 Fargo Hi-Def printer, bearing serial number A3490223, seized from Omar Butt on March 15, 2012;

29) a WD hard drive, bearing serial number WCAPD1154606, seized from Omar Butt on March 15, 2012;

30) an AcomData HD drive, bearing serial number E43125, seized from Omar Butt on March 15, 2012;

31) a DNY SD card, 4 GB, seized from Omar Butt on March 15, 2012;

32) a DNY SD card, 8 GB, seized from Omar Butt on March 15, 2012;

33) a Hitachi external hard drive, bearing serial number PAG52P3A, seized from Omar Butt on March 15, 2012;

34) an Apple TV, bearing serial number YM7240QRYR4, seized from Omar Butt on March 15, 2012;

35) a Dell laptop Latitude V300, bearing serial number CN03Y6453652138B0312, seized from Omar Butt on March 15, 2012;

36) a Sigma DP2 camera, bearing serial number 1011595, seized from Omar Butt on March 15, 2012;

37) an Acer laptop, bearing serial number LXE820X0258200F2792000, seized from Omar Butt on March 15, 2012;

38) a PlayStation 3 D 53, bearing serial number CG158070191CECH2001A, seized from Omar Butt on March 15, 2012;

39) an Xbox 360 2001 A, bearing serial number 152319705205, seized from Omar Butt on March 15, 2012;

40) a PC tower, white, bearing serial number 0016318606, seized from Omar Butt on March 15, 2012;

41) a PC tower, white, HP CD-Writer 9100 series (CD-ROM drive), seized from Omar Butt on March 15, 2012;

42) a PC tower, white, bearing datacard number PH411423, seized from Omar Butt on March 15, 2012;

43)  a PC tower, white, bearing serial number DP000821120164028AJK324, (CD-ROM drive), seized from Omar Butt on March 15, 2012;

44)  a PC tower, white, bearing serial number 810F48069A30, (modem), seized from Omar Butt on March 15, 2012;

45)  a Canon DSLR 126251 SW11017, bearing serial number 2771201017, seized from Omar Butt on March 15, 2012;

46)  a Nuvarel wireless antenna, Virgin Mobile, black, ESN 09108460367, seized from Omar Butt on March 15, 2012;

47)  an ATM machine Nextran Com Net 3000, bearing identification number 4518420355271402, seized from Omar Butt on March 15, 2012;

48)  a hand truck, Milwaukee, black, model number 60138, seized from Omar Butt on March 15, 2012;

49)  an Epson printer Stylus NX415, seized from David Camez on May 27, 2010;

50)  an HP Photosmart printer C4740, seized from David Camez on May 27, 2010;

51)  a PVC card embosser ECard, seized from David Camez on May 27, 2010;

52)  a PVC card embosser Wonder, seized from David Camez on May 27, 2010;

53)  a hot stamping/tipper machine, seized from David Camez on May 27, 2010;

54)  a Dell XPS 420 with monitor, bearing serial number 2V4Z9G1, seized from David Camez on May 27, 2010;

55)  a Playstation 3, bearing serial number CF347430751-CECHP01, seized from David Camez on May 27, 2010;

56)  a Gateway laptop 450SX4, bearing serial number 0026868574, seized from David Camez on May 27, 2010;

57)  a Sony Vaio with power cord, bearing serial number C602H3NQ, seized from David Camez on May 27, 2010;

58)  a credit card skimming device, seized from David Camez on May 27, 2010;

59)  a magnetic strip card reader and writer, seized from David Camez on May 27, 2010;

60)  a soldering iron, seized from David Camez on May 27, 2010;

61)  a lock pick kit, seized from David Camez on May 27, 2010;

62)  eleven (11) Motorola TracFones, bearing serial numbers H62LJW5D7T, H62LJW459P, H62LJW67NZ, H62LJW5D2H, H62LJW4536, H62LJW5D4F, H62LJW459L, H62LJW39BN, H62LJW5D2Q, H62LLY3735, and H62LJJDN3L, seized from Heather Dale on March 20, 2012;

63)  ten (10) Verizon Samsung cell phones, bearing serial numbers A000001756COAF, A000001756FE63, A000001756E6C5, A000001756C28A, A000001756E6B8, A0000017569E83, A0000017581301, A0000017581F1B, A0000017525F292, and A00000175252314, seized from Heather Dale on March 20, 2012;

64)  three (3) LG TracFones, bearing serial numbers 903CQNL204871, 903CQTB243385, and 904CQLH354776, seized from Heather Dale on March 20, 2012;

65)  an SD card, 2 GB, bearing serial number 518532, seized from Shiyang Gou on March 15, 2012;

66)  an IBM IGB flash drive, seized from Shiyang Gou on March 15, 2012;

67)  a Cruzer mini 256 MB flash drive, seized from Shiyang Gou on March 15, 2012;

68)  a memory stick adapter with memory card, seized from Shiyang Gou on March 15, 2012;

69)  five (5) ScanDisk memory cards, seized from Shiyang Gou on March 15, 2012;

70) two (2) Sony Memory Stick Pro Duo, seized from Shiyang Gou on March 15, 2012;

71) a Samsung phone, bearing serial number R3YXA56711T, seized from Shiyang Gou on March 15, 2012;

72) an LG phone, bearing serial number 811KPT M022569, seized from Shiyang Gou on March 15, 2012;

73) a Nokia cell phone, bearing serial number 661ABRM520, seized from Shiyang Gou on March 15, 2012;

74) a Nokia cell phone, bearing serial number 661URM604, seized from Shiyang Gou on March 15, 2012;

75) a Nokia cell phone, bearing serial number 661ABRM121, seized from Shiyang Gou on March 15, 2012;

76) an HP computer, bearing serial number MXM453067P, seized from Shiyang Gou on March 15, 2012;

77) an iPod 32 GB, bearing serial number C3VDKMBPDCP9, seized from Shiyang Gou on March 15, 2012;

78) an HP PSC1315 All in One Printer, bearing serial number CN48KB201J, seized from Shiyang Gou on March 15, 2012;

79) an SD card 8 GB, bearing serial number 35254221, seized from Shiyang Gou on March 15, 2012;

80) an 8 GB SD card, bearing serial number 3140624068, seized from Shiyang Gou on March 15, 2012;

81) a gold flash drive, seized from Shiyang Gou on March 15, 2012;

82) a WiFly City wireless USB adapter, bearing serial number 8DEC04JJ2482873, seized from Shiyang Gou on March 15, 2012;

. . .

83) an iPod 32 GB, bearing serial number C3RDLFMS5DCPN, seized from Shiyang Gou on March 15, 2012;

84) a Wii, bearing serial number LU83300527, seized from Shiyang Gou on March 15, 2012;

85) a Zotac Model Mag HDND01, bearing serial number G111911302229, with Logitech USB drive, seized from Shiyang Gou on March 15, 2012;

86) two (2) iPod 8 GB, bearing serial numbers IB0064Y075J and DKPDAOFFDCP7, seized from Shiyang Gou on March 15, 2012;

87) a Samsung cell phone, model SCHU350, bearing serial number 0001D60CC32, seized from Shiyang Gou on March 15, 2012;

88) a Dell Inspiron laptop, bearing serial number 9JH8QP1, seized from Shiyang Gou on March 15, 2012;

89) a Sony Vaio, model PC671312L, seized from Shiyang Gou on March 15, 2012;

90) a Clear 4G Mobile Hotspot, bearing serial number 1FM00114730, seized from Shiyang Gou on March 15, 2012;

91) a Totu cell phone T158, bearing serial number 357458040092990, seized from Shiyang Gou on March 15, 2012;

92) three (3) flash drives, seized from Shiyang Gou on March 15, 2012;

93) a Sony memory stick 4 GB, F925L2L, seized from Shiyang Gou on March 15, 2012;

94) a SanDisk extreme 4 GB, seized from Shiyang Gou on March 15, 2012;

95) two (2) T-Mobile SIM cards, seized from Shiyang Gou on March 15, 2012;

96) an HP Office Jet 6500A printer, bearing serial number CN11C1241Y, seized from Shiyang Gou on March 15, 2012;

97) an HP monitor, CNCO1SPW, seized from Shiyang Gou on March 15, 2012;

98) a Sony PSP, bearing serial number AG100870541, seized from Shiyang Gou on March 15, 2012;

99) a T-Mobile Samsung S3600 cell phone, bearing serial number S36006SMH, seized from Shiyang Gou on March 15, 2012;

100) a Scientific Atlantic 2203C modem, bearing serial number 218063549, seized from Shiyang Gou on March 15, 2012;

101) a Netgear wireless router, model WNR2000, bearing serial number IXL38C5T02FB4, seized from Shiyang Gou on March 15, 2012;

102) an SD card 4 GB, seized from Shiyang Gou on March 15, 2012;

103) a 56K PCI modem, bearing serial number 200V23Y0087077, seized from Shiyang Gou on March 15, 2012;

104) a Britannica SD card, MVO32RMMC, seized from Shiyang Gou on March 15, 2012;

105) a PD Talk GPS with SD card, PD9083000304, seized from Shiyang Gou on March 15, 2012;

106) an HP desktop computer, bearing serial number P6813W, seized from Shiyang Gou on March 15, 2012;

107) an American Express gift card, number xxxxxxxxxxx0288, seized from Cameron Harrison on November 24, 2010;

108) a Walmart reloadable card, number xxxxxxxxxxxx8377, seized from Cameron Harrison on November 24, 2010;

109) an LG cell phone with power cord, model LG220CM, bearing serial number 004CYVU1179431, seized from Cameron Harrison on November 24, 2010;

110) a Garmin NUVI 205W with power cord, bearing serial number 1UR254730, seized from Cameron Harrison on November 24, 2010;

. . .

111) a Pep Boys gift card, number xxxxxxxxxxxxxxx8899, seized from Cameron Harrison on November 22, 2010;

112) a Walmart gift card, number xxxxxxxxxxxxxxx7484, seized from Cameron Harrison on November 22, 2010;

113) an Apple iPad 64 GB, bearing serial number GB0409R7ETV, seized from Cameron Harrison on November 24, 2010;

114) an HP Pavilion laptop, model DV5-1160, bearing serial number CNF8383JN0, seized from Cameron Harrison on November 24, 2010;

115) a Rocketfish 2.5 USB hard drive, model RFHD25, bearing serial number NS92T6125T8K, seized from Cameron Harrison on November 24, 2010;

116) an HP Presario F700 laptop, bearing serial number CNF7510SVZ, seized from Robert Kephart on March 15, 2012;

117) an Aspire One Acer laptop black, bearing serial number LUS670D06193426AC31601, seized from Robert Kephart on March 15, 2012;

118) a Targus laptop bag containing a Dell Adamo laptop, bearing serial number 852FWK1, seized from Robert Kephart on March 15, 2012;

119) a Smart Disk HDD, bearing serial number 1H7Y23, seized from Robert Kephart on March 15, 2012;

120) a Virgin thumb drive, seized from Robert Kephart on March 15, 2012;

121) an Attache thumb drive, black/red, seized from Robert Kephart on March 15, 2012;

122) an iPad, model A1396, white, bearing serial number DN6GPAB9DKNY, seized from Robert Kephart on March 15, 2012;

123) an Apple MacBook Air, model A1370, with black case, bearing serial number C02DW6ZPDDQX, seized from Robert Kephart on March 15, 2012;

124) an Apple iPhone, white, model A1387, seized from Robert Kephart on March 15, 2012;

125) a MacBook Air Super Drive, model A1379, bearing serial number C02FC8PWDJ5M, seized from Robert Kephart on March 15, 2012;

126) a generic computer tower, model 8E-TENL1-UGB, bearing serial number W10330010445, seized from Alexander Kostyukov on March 15, 2012;

127) an external hard drive enclosure, blue, Simpletech 250 GB, bearing serial number 0712544250100670, seized from Alexander Kostyukov on March 15, 2012;

128) two (2) T-Mobile Nokia cell phones (unopened), bearing serial numbers 866012569007679335 and 866012569005010038, seized from Alexander Kostyukov on March 15, 2012;

129) three (3) T-Mobile Nokia cell phones, model 1616-2C, seized from Alexander Kostyukov on March 15, 2012;

130) a Samsung AT&T cell phone, model SGH-A107, bearing serial number RPHB69702BZ, seized from Alexander Kostyukov on March 15, 2012;

131) an Apple iPhone 4S 16 GB white, model A1387, bearing serial number C38GTY8KDTD1, seized from Alexander Kostyukov on March 15, 2012;

132) an Apple iPhone 4S 16 GB white, model A1387, bearing serial number 84049D1MA4S, seized from Alexander Kostyukov on March 15, 2012;

133) three (3) yellow and black SIM cards, seized from Alexander Kostyukov on March 15, 2012;

134) a T-Mobile SIM card, seized from Alexander Kostyukov on March 15, 2012;

135) an AT&T SIM card, seized from Alexander Kostyukov on March 15, 2012;

136) a Kingston 4 GB white and purple thumb drive, seized from Alexander Kostyukov on March 15, 2012;

137) a thumb drive, green, bearing serial number 28981F, seized from Alexander Kostyukov on March 15, 2012;

138) a PQ1 4 GB blue SD memory card, bearing serial number MMAGF04GWDCA-DB, seized from Alexander Kostyukov on March 15, 2012;

139) a Nikon D7000 digital camera with 32 GB SanDisk memory card inside, seized from Alexander Kostyukov on March 15, 2012;

140) a Nikon CoolPix digital camera, black, model S52, bearing serial number 30505916, seized from Alexander Kostyukov on March 15, 2012;

141) a Sony Cyber Shot 8.1 MP digital camera, black, model DSC-T100, bearing serial number 1572082, seized from Alexander Kostyukov on March 15, 2012;

142) a Nikon camera lens, (70-300MM), bearing serial number US2762077, seized from Alexander Kostyukov on March 15, 2012;

143) a Nikon camera lens, (50MM), bearing serial number US628937, seized from Alexander Kostyukov on March 15, 2012;

144) a Tokina Aspherical camera lens, bearing serial number 82C7660, seized from Alexander Kostyukov on March 15, 2012;

145) two (2) Nikon lens covers, seized from Alexander Kostyukov on March 15, 2012;

146) a Nikon camera flash attachment, speedlight SB900, bearing serial number 2461186, seized from Alexander Kostyukov on March 15, 2012;

147) a Western Union $500.00 money order with blank payee field, number xx-xxxxx0260, seized from Alexander Kostyukov on March 15, 2012;

148) an Apple MacBook Pro, silver, model A1278, bearing serial number W8033T2BATM, seized from Alexander Kostyukov on March 15, 2012;

149) a SanDisk thumb drive, seized from Thomas Lamb on May 2, 2011;

150) a South Point Casino cashout voucher $130, seized from Thomas Lamb on May 2, 2011;

151) a Kindle Fire HD, new in box, no visible serial number, seized from Michael Lofton on January 7, 2013;

152) an Apple iPad with docking station and case, new in box, no visible serial number, seized from Michael Lofton on January 31, 2013;

153) a Sony USB drive, seized from Michael Lofton on February 1, 2013;

154) an Epson Stylus printer, model R280, bearing serial number K77K133745, seized from Edward Montecalvo on March 15, 2012;

155) an HTC smart phone, model PD42100, bearing serial number HT18RM803892, seized from Edward Montecalvo on March 15, 2012;

156) a Canon Point and Shoot camera, model PC1355, bearing serial number 9029238287, seized from Edward Montecalvo on March 15, 2012;

157) a Dell Inspiron desktop, bearing serial number CN-0392R8-74767-116-6RE3, seized from Edward Montecalvo on March 15, 2012;

158) a Dell thumb drive, bearing serial number 820-Q01437, seized from Edward Montecalvo on March 15, 2012;

159) a Toshiba external hard drive with USB cable, bearing serial number Y150T6QLTMC3, seized from Edward Montecalvo on March 15, 2012;

160) an Apple MacBook Pro, model A1278, bearing serial number C1MH18UPDV13, seized from Edward Montecalvo on March 15, 2012;

161) an Apple laptop, bearing serial number 970AAS306856, seized from Elias Samaha on June 11, 2012;

162) a Sony Vaio laptop, bearing serial number 275047363033747, seized from Elias Samaha on June 11, 2012;

163) an iPhone, BB 8350, bearing serial number 403215EBBB, seized from Elias
     Samaha on June 11, 2012;

164) a Motorola BK70 phone, bearing serial number 364VKMR6Q9, seized from
     Elias Samaha on June 11, 2012;

165) an Apple iPod 64 GB, model A1318, bearing serial number 9C937ETU6K4,
     seized from Elias Samaha on June 11, 2012;

166) a PNY 4 GB with two (2) keys thumb drive, seized from Elias Samaha on
     June 11, 2012;

167) a SanDisk Cruzer 32 GB thumb drive, seized from Elias Samaha on June 11,
     2012;

168) an Apple MacBook, model A1181, bearing serial number 4H6502XZWGL,
     seized from Michael San Clemente on June 2, 2010;

169) a Sony Vaio laptop, model PCG-31L, bearing serial number 064253C, seized
     from Michael San Clemente on June 2, 2010;

170) a Kingston 8 GB data traveler, black, seized from Michael San Clemente on
     June 2, 2010;

171) an Apple MacBook Pro, model A1260, bearing serial number
     W880957VYJY, seized from Michael San Clemente on June 2, 2010;

172) an Apple MacBook Pro, model A1211, bearing serial number
     W871645TWDH, seized from Michael San Clemente on June 2, 2010;

173) an HP Pavilion laptop computer, bearing serial number CND9074VOP, seized
     from Michael San Clemente on June 2, 2010;

174) an Apple MacBook Pro PN, bearing part number 0A58927, seized from
     Michael San Clemente on June 2, 2010;

175) a 320 GB PN, bearing part number 9ZAZAG-500 with cord in bag, 154594A,
     seized from Michael San Clemente on June 2, 2010;

176) a pocket drive, model GFR202SD, bearing serial number 605USS, seized from Michael San Clemente on June 2, 2010;

177) an HP Pavilion TX2500, bearing serial number CNF826324F, seized from Michael San Clemente on June 2, 2010;

178) a Kodak Easy Share printer, dock series 3, bearing serial number KCLEG620J0824, seized from Michael San Clemente on June 2, 2010;

179) a Sony DVD player, black, model DVP-FX820, bearing serial number 08C 501-5205314-6, seized from Michael San Clemente on June 2, 2010;

180) a T-Mobile CardBus and Express Card adapter, model CBZEC, bearing serial number BD3G710242, seized from Michael San Clemente on June 2, 2010;

181) an IEEE 1394 express card, bearing serial number 11814008945, seized from Michael San Clemente on June 2, 2010;

182) a SanDisk Cruzer 4 GB thumb drive, black, model SDC264096RB, seized from Michael San Clemente on June 2, 2010;

183) an HP wireless mouse adapter, silver, product GT909AA, seized from Michael San Clemente on June 2, 2010;

184) a SanDisk "Wake up the Phone" adapter, model 2008-09-16S, seized from Michael San Clemente on June 2, 2010;

185) a Novotel wireless slingshot, bearing serial number 5B866BF6, seized from Michael San Clemente on June 2, 2010;

186) an iPod 8 GB with red/black cover, bearing serial number 9C841ZSQ201, seized from Michael San Clemente on June 2, 2010;

187) a Motorola Verizon phone, blue, bearing FCC ID number IHDT56JB1, seized from Michael San Clemente on June 2, 2010;

188) a Kyocera Virgin Mobile phone, black, bearing ME ID number A0000004482B79, seized from Michael San Clemente on June 2, 2010;

15

189) a Motorola phone, bearing FCC ID number 1HDT56HC1, seized from Michael San Clemente on June 2, 2010;

190) a Virgin Mobile LG phone with pouch, bearing serial number 901CYXM0778698, seized from Michael San Clemente on June 2, 2010;

191) a Motorola Metro phone, model W315, bearing FCC ID number 1HDT56GE1, seized from Michael San Clemente on June 2, 2010;

192) a Motorola phone, black, bearing serial number M300 238208, seized from Michael San Clemente on June 2, 2010;

193) a Motorola phone, blue, bearing serial number M60038Z2495, seized from Michael San Clemente on June 2, 2010;

194) a Sprint HTC Pro with black hard cover, seized from Michael San Clemente on June 2, 2010;

195) a hard drive, bearing serial number 5QD2ZXWG, seized from Michael San Clemente on June 2, 2010;

196) two (2) SanDisk Cruzer 4 GB Titanium Plus, seized from Michael San Clemente on June 2, 2010;

197) a Targus high speed card reader/writer, black, bearing identification number 1729, seized from Michael San Clemente on June 2, 2010;

198) two (2) Sony Memo stick duo adapters, MSAC M2, seized from Michael San Clemente on June 2, 2010;

199) a Patriot memory card, bearing serial number PSD32G106625, seized from Michael San Clemente on June 2, 2010;

200) a Samsung memory card, bearing serial number M470T6554CZ3, seized from Michael San Clemente on June 2, 2010;

201) an Elpide memory card, bearing serial number EBJ21UE8BAU0, seized from Michael San Clemente on June 2, 2010;

202) a memory card, bearing serial number HY564T 1Z80Z 1 HDL, seized from Michael San Clemente on June 2, 2010;

203) a PNY memory card bearing serial number 511-071205051, seized from Michael San Clemente on June 2, 2010;

204) a SanDisk 1 GB chip, seized from Michael San Clemente on June 2, 2010;

205) a Garmin Nuvi and adapter, 10R-023994, seized from Michael San Clemente on June 2, 2010;

206) a Rocketfish external hard drive, bearing serial number E391854HH, seized from Michael San Clemente on June 2, 2010;

207) a Toshiba disk drive, bearing serial number 58QUFB2ES, seized from Michael San Clemente on June 2, 2010;

208) a Sony Super Steady Shot DSCT70, seized from Michael San Clemente on June 2, 2010;

209) a SanDisk 128 MB SD card, seized from Michael San Clemente on June 2, 2010;

210) a Sony memory stick Pro Duo 2 GB, seized from Michael San Clemente on June 2, 2010;

211) a Fuji Film Quick Snap camera, disposable, seized from Michael San Clemente on June 2, 2010;

212) a Kodak memory card, seized from Michael San Clemente on June 2, 2010;

213) a Kodak HD camera, M-1003, red, seized from Michael San Clemente on June 2, 2010;

214) a Kodak Easy Share V610 camera, bearing serial number KCKFV62501809, seized from Michael San Clemente on June 2, 2010;

215) a Nikon Cool Pix S60 camera, with SanDisk 4 GB SDHC card, bearing serial number 38244004, seized from Michael San Clemente on June 2, 2010;

17

216) a JVC hard disk camcorder Everio, bearing serial number GZ-MG130U, seized from Michael San Clemente on June 2, 2010;

217) a Dell XPS laptop computer with power cord, bearing service tag number 6MQ12C1, seized from Michael San Clemente on June 2, 2010;

218) an Apple Power Mac G5 desktop tower, model A1L77, seized from Michael San Clemente on June 2, 2010;

219) a Pro-Lam Plus 330 laminator, bearing serial number 2080, seized from Michael San Clemente on June 2, 2010;

220) an HP Photosmart C 6880 wireless printer with power cord, bearing FCC ID number B94RSVLD0608, seized from Michael San Clemente on June 2, 2010;

221) an Apple keyboard, KY63201A6VZSA, seized from Michael San Clemente on June 2, 2010;

222) an Apple computer mouse, ZH503DJEMNUVA, seized from Michael San Clemente on June 2, 2010;

223) a Zebra P330I card printer, bearing serial number P33027189, seized from Michael San Clemente on June 2, 2010;

224) an enhanced CCD scanner, bearing serial number 428DOFB00018, seized from Michael San Clemente on June 2, 2010;

225) an HP Office Jet H470 Vivera printer, bearing serial number CN81L181CW, seized from Michael San Clemente on June 2, 2010;

226) a Kwikpoint model 55 foil stamping machine, bearing serial number 5A-5311, seized from Jermaine Smith on March 15, 2012;

227) a Samsung Metro PCS cell phone, black, bearing serial number 268435460707424949, seized from Jermaine Smith on March 15, 2012;

. . .

228) a Dell Inspiron N4110 laptop computer, bearing serial number 00196-177-074-980, seized from Jermaine Smith on March 15, 2012;

229) a Samsung Metro PCS cell phone, black, bearing serial number 268435460709180401, seized from Jermaine Smith on March 15, 2012;

230) a Toho manual tipper, model CM-30, bearing serial number A992221, seized from Jermaine Smith on March 15, 2012;

231) a Fargo HDP 5000 high definition ID card printer, model 089000, bearing serial number A9061333, seized from Jermaine Smith on March 15, 2012;

232) a Fargo HDP 5000 high definition ID card printer, model 089000, bearing serial number A9500654, seized from Jermaine Smith on March 15, 2012;

233) a Zebra ID card printer, model P330I, bearing serial number P330036588, seized from Jermaine Smith on March 15, 2012;

234) two (2) Apple iPads, new in box, bearing serial numbers DLXG7NVXDKNY and DN6GKB19DFHW, seized from Jermaine Smith on March 15, 2012;

235) a Samsung Metro PCS cell phone, bearing serial number 268435458906307984, seized from Jermaine Smith on March 15, 2012;

236) a Kyocera PCS cell phone, bearing serial number A0000012F289B6, seized from Jermaine Smith on March 15, 2012;

237) a T-Mobile blackberry cell phone, PIN 21FCDD3A, seized from Jermaine Smith on March 15, 2012;

238) an Apple laptop with case, bearing serial number W80231Q46D6, seized from Billy Steffey on December 20, 2010;

239) an iPad 64 GB with cover, bearing serial number V5029062E5V, seized from Billy Steffey on December 20, 2010;

240) an iPad 64 GB, (new in box), bearing serial number 6B039FHQETV, seized from Billy Steffey on December 20, 2010;

241) and Iron Key thumb drive, seized from Billy Steffey on December 20, 2010;

242) a T-Mobile USB WiFi device, silver, bearing IMEI number 352071040691797, seized from Billy Steffey on December 20, 2010;

243) a Sprint 3G WiFi device, bearing ESN 6097D1CF, seized from Billy Steffey on December 20, 2010;

244) a Garmin GPS device, bearing serial number 37901W6022267, seized from Billy Steffey on December 20, 2010;

245) an iPhone 4, black, bearing CC ID number BCGE2380A, seized from Billy Steffey on December 20, 2010;

246) a Google HTC cell phone, bearing serial number HT9CNP810133, seized from Billy Steffey on December 20, 2010;

247) an iPod with case, silver with red case, bearing serial number 1A949JGM6K2, seized from Billy Steffey on December 20, 2010;

248) an Apple All in One computer, silver, bearing serial number W89525865PJ, seized from Billy Steffey on March 15, 2012;

249) a Datacard I150 printer, bearing serial number 9037, seized from Billy Steffey on March 15, 2012;

250) a USB Iron Key, bearing serial number 00885866, seized from Billy Steffey on March 15, 2012;

251) a USB T-Mobile, silver, seized from Billy Steffey on March 15, 2012;

252) a USB Elgato Turbo 264 HD, seized from Billy Steffey on March 15, 2012;

253) a Tom Tom GPS, bearing serial number JB1448103895, seized from Billy Steffey on March 15, 2012;

254) a Samsung Verizon WiFi Hotspot 4G LTE, bearing SKU SCHLC11ZKV, seized from Billy Steffey on March 15, 2012;

255) a USB SanDisk Cruzer, seized from Billy Steffey on March 15, 2012;

256) a Sony Vaio laptop, bearing serial number 5413136230011OB, seized from Billy Steffey on March 15, 2012;

257) a T-Mobile HTC smartphone, black, bearing serial number SH175T505773, seized from Billy Steffey on March 15, 2012;

258) a Western Digital external hard drive, bearing serial number WX20C79714112, seized from Billy Steffey on March 15, 2012;

259) a Western Digital external hard drive, bearing serial number WCAVY1065850, seized from Billy Steffey on March 15, 2012;

260) a Lacie external hard drive, bearing serial number 14181109010201EHB, seized from Billy Steffey on March 15, 2012;

261) a USB Iron Key, bearing serial number 00804208, seized from Billy Steffey on March 15, 2012;

262) a USB SanDisk, seized from Billy Steffey on March 15, 2012;

263) a Sprint WiFi Hotspot, Novatel, silver, bearing serial number 09111989175, seized from Billy Steffey on March 15, 2012;

264) a Clear WiFi Hotspot, black, model number WIXFMM-122, bearing serial number 2044100085687, seized from Billy Steffey on March 15, 2012;

265) an AT&T Microcell, bearing serial number 0022CE-0000166132, seized from Billy Steffey on March 15, 2012;

266) a MacBook Pro laptop in black case, bearing serial number C02GN0M6DW47, seized from Billy Steffey on March 15, 2012;

267) a Mac external hard drive, bearing serial number 6F9031E32UP, seized from Billy Steffey on March 15, 2012; and

. . .

. . .

. . .

1    268) an *in personam* criminal forfeiture money judgment of $50,893,166.35 in

2         United States Currency.

3    DATED this 12 day of _November_ 2014.

4

5                                    _____

6                                    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                    22